PER CURIAM.
Appellant seeks review of what she characterizes as a non-final order dismiss *420 ing without a hearing her petition for injunction for protection against domestic violence. The order of which appellant seeks review, however, merely denies an ex parte temporary injunction (which was not expressly requested in the petition) based upon the trial court’s conclusion that the allegations of the petition did not demonstrate the existence of “an immediate and present danger of domestic violence,” as required by section 741.30(5)(a), Florida Statutes (1999). To' the extent that appellant seeks review of that conclusion, we hold that she has failed to demonstrate an abuse of discretion by the trial court. We are unable to rule on appellant’s claim that the trial court erroneously dismissed her petition without a hearing because she has failed to provide us with an order purporting to so rule. However, for the benefit of the parties, and of the trial court, we note that section 741.30(5)(b), Florida Statutes (1999), would appear clearly to require a hearing on the allegations of appellant’s petition before it can be dismissed:
A denial of a petition for an ex parte injunction shall be by written order noting the legal grounds for denial. When the only ground for denial is no appearance of an immediate and present danger of domestic violence, the court shall set a full hearing on the petition for injunction with notice at the earliest possible time.
We note, further, that the confused state of this appeal would appear to be due, at least in part, to the trial court’s failure to use the forms approved by the Supreme Court for cases of this type. See Fla. Fam. L.R.P. Forms 12.980(b), 12.980(c)(1).
The non-final Order Denying Petition for Temporary Injunction for Protection is affirmed.
AFFIRMED.
KAHN, WEBSTER and VAN NORTWICK, JJ., CONCUR.